UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| MURIEL L. and ELSIE V. HARRIS, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:14-cv-017 |
| | ) | Phillips/Lee |
| TD AMERITRADE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

There are several pending motions to be resolved in this civil case which the Court will address in the most logical order.

**I.   Plaintiffs' Motion to Remand**

This civil case was removed to this Court from the General Sessions Court of Coffee County, Tennessee, on March 10, 2014, on the grounds that the complaint asserts claims arising under federal question jurisdiction pursuant to 28 U.S.C. § 1331. [Doc. 1.] Plaintiffs have filed two Motions to Remand [Docs. 12, 20], contesting the removal jurisdiction of this Court and requesting that it be remanded. Defendant has responded to the motion [Doc. 25] and the parties have filed several supplemental pleadings on the motion [Docs. 27, 28, 29]. The Court has carefully reviewed the relevant pleadings and the motion is ripe for determination.

Plaintiffs filed an unsigned Statement of Claim (hereinafter the "Complaint") in the General Sessions Court of Coffee County, Tennessee, on January 24, 2014 [Doc. 1-3], and a Civil Summons was issued on February 11, 2014 [Doc. 1-2]. Defendant received notice of the claim through service on the Corporation Service Company on February 19, 2014 [Doc. 1-1]. Defendant then filed a Notice of Removal [Doc. 1] in this Court on March 10, 2014, in accordance with 28 U.S.C. § 1446. Plaintiffs filed the motion to remand [Doc. 12] on March 20, 2014.

The Complaint asserts that on August 24, 2005, David Harris purchased 48,000 shares of Bancorp International Group, Inc. stock in an account with Defendant. [Doc. 1-3 at ¶ 3.] On December 12, 2006, Mr. Harris transferred 3,000 of those shares to the Plaintiffs' account with Defendant. [*Id*.] Plaintiffs and Mr. Harris have requested that the shares be transferred to their name and registered on the books of Bancorp International but claim that Defendant has refused to do so. [*Id.* at ¶ 4.] Notably, the introductory paragraph of the Complaint asserts that Defendant has refused to register the shares "in contravention of their obligations under Uniform Commercial Code 8-508, Section 15c3-3(1) Securities Exchange Act 1934." [*Id.* at ¶ 1.] The Complaint quotes the Securities Exchange Act and a purported attorney with the Securities and Exchange Commission. [*Id.* at ¶ 12.] The Complaint also quotes section 8-504 of the Uniform Commercial Code and a Nevada statute [*Id.* at ¶¶ 11, 13].

Plaintiffs argue that their claims are "dependent on Tennessee interpretation of contracts, legal ownership, equitable ownership, and punitive damages" and that there is no federal question to be resolved. [Doc. 12 at pp. 2, 3.] Defendant argues that the

2

Complaint, on its face, references claims under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a, *et seq.*, and SEC Rule 15c3-3, 17 C.F.R. § 240.15c3-3, and therefore the Plaintiffs cannot credibly claim that they have not asserted some federal claims. [Doc. 25 at pp. 5-7.]

This Court has jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "To determine whether a claim arises under federal law, a court, under the well-pleaded-complaint rule, generally looks only to the plaintiff's complaint." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 325 (6th Cir. 2007). The plaintiff is the master of the complaint and may "decide what law he will rely upon." *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003) (quoting *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)).

Because the Plaintiffs are proceeding *pro* se, the Court will liberally construe their Complaint and hold it to a less stringent standard than a similar pleading drafted by attorneys. *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). While Plaintiffs claim that the federal law cited in the Complaint "run[s] parallel and are ancillary" to the state law claims [Doc. 12 at p. 4], Plaintiffs misunderstand the nature of federal jurisdiction. Ancillary, or supplemental, jurisdiction refers to jurisdiction over a claim not otherwise within the jurisdiction of the court. *See Hudson v. Coleman*, 347 F.3d 138, 141-42 (6th Cir. 2003). A federal district

3

court's jurisdiction over a federal claim is therefore not ancillary or supplemental. Rather, any state law claims may be supplemental or ancillary to a federal claim. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Plaintiffs seem to request that this Court construe the Complaint more stringently and conclude that the references to the Securities and Exchange Act are just that, references but not asserted claims. However, to do so would go beyond the well-pleaded-complaint rule and excise claims that plainly appear on the face of the Complaint. Plaintiffs clearly assert that Defendant has failed to satisfy obligations arising under the Securities and Exchange Act and SEC Rule 15c3-3. Thus, they are seeking a remedy for Defendant's failure to fulfill its statutory duties. While Plaintiffs may have asserted state law claims also, those claims do not preclude their assertion of a claim under federal law. The Court finds that the Complaint asserts a claim under federal law and therefore jurisdiction in this Court is proper. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1249 (6th Cir. 1996) ("a non-frivolous claim 'confers power to decide that it has no merit, as well as to decide that it has'") (quoting *Montana-Dakota Utils. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S. 246, 249 (1951)).

Accordingly, Plaintiffs' Motions to Remand [Docs. 12, 20] will be **DENIED**.

II. **Defendant's Motion for Relief from Judgment**

Subsequent to the Defendant's removal of this action on March 10, 2014, the General Sessions Court of Coffee County entered a default judgment for $24,951.50 on

4

March 12, 2014. Defendant has moved for relief from this judgment pursuant to Fed. R. Civ. P. 60(b)(4) [Doc. 7].

The record reflects that Defendant filed the Notice of Removal [Doc. 1] in this Court on March 10, 2014, and also filed a Notice of Filing Notice of Removal in the General Sessions Court on March 10, 2014 [Doc. 8-1]. Further, Defendant obtained an Acknowledgment of Filing Removal signed by the Clerk of the General Sessions Court certifying that the Clerk had received a copy of the Notice of Removal on March 10, 2014[Doc. 9]. All of these filings were served on the Plaintiffs [Doc. 1-4].

This case was previously set for hearing in the General Sessions Court on March 12, 2014. As set forth in his Affidavit, H. Wayne Grant, attorney for Defendant, contacted the General Session Court Clerk's office, explained that he would be filing a Notice of Removal on March 10, and understood that the case would be removed from the March 12 docket [Doc. 8-4 at ¶ V]. However, the court's file did not get updated prior to the March 12 hearing [Doc. 8-4 at p. 4] and General Sessions Judge Ledsinger entered a default judgment.

Defendant argues that upon filing the notices of removal in this Court and in the General Sessions Court, the state court was divested of jurisdiction and prohibited from proceeding further [Doc. 8 at pp. 4-5]. Because the state court was divested of jurisdiction at the time the judgment was entered, Defendant argues the judgment is void and should be vacated pursuant to Fed. R. Civ. P. 60(b)(4). [*Id*. at pp. 5-7.] In response, Plaintiffs argue that this Court lacks jurisdiction to set aside the judgment and reiterate

5

the arguments made in support of the above-referenced motion to remand. [Docs. 14, 23.]

Defendant's motion is well taken and will be **GRANTED**. As clearly stated in 28 U.S.C. § 1446(d), after filing the notice of removal with the district court and the state court and providing written notice to all adverse parties, removal is effective "and the State court shall proceed no further." In other words, once Defendant completed the removal procedures on March 10, 2014, the General Sessions Court no longer had jurisdiction and any further action by that court is void. *Barrett v. Southern Ry. Co.*, 68 F.R.D. 413, 419 (D.S.C. 1975); *see Carter v. Ledraplastic SPA*, 313 F. Supp. 2d 736, 738 (M.D. Tenn. 2004) ("As soon as a notice of removal is filed with the state court, the court is prohibited from proceeding further"); *Howes v. Childers*, 426 F. Supp. 358, 360 (E.D. Ky. 1977) ("the state court lost all jurisdiction to proceed when it received notice of the removal"). Further, it is also clear that the default judgment is a legal nullity and must be set aside. *Jordan v. Gilligan*, 500 F.2d 701, 704 (6th Cir. 1974); *see United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) ("A void judgment is a legal nullity."); *Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011) ("if the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)") (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995)). A judgment is void under Rule 60(b)(4) "if the court that rendered it lacked jurisdiction of the subject matter, or of the parties." *Antoine*, 66 F.3d at 108 (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992)); *see United Student Aid Funds, Inc.*, 559 U.S. at 271 ("Rule 60(b)(4) applies only

6

in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard"). Because the General Sessions Court lacked jurisdiction after the removal was effected on March 10, 2014, the default judgment entered on March 12, 2014, is **VOID** and will be **VACATED**.

### III. Plaintiffs' Motions for Extension of Time

Plaintiffs filed two Motions for Extension of Time to File a Response to Defendant's Motion to Dismiss [Docs. 13, 21]. Although Defendant does not oppose the request for additional time [Doc. 18], Plaintiffs have since filed two responses to the motion to dismiss [Docs.16, 22]. Accordingly, the Motions for Extension of Time [Docs. 13, 21] will be **DENIED as moot**.

### IV. Defendant's Motion to Dismiss

Defendant has moved to dismiss [Doc. 4] the Complaint pursuant to Fed. R. Civ. P. 8, 9(b), and 12(b)(6) on several grounds. Plaintiffs have filed two responses [Docs. 16, 22] in which they state that "[i]f it is established this Court has jurisdiction … we will file an Amended Complaint per Rule 15(a)." As set forth above, this Court properly has jurisdiction. Accordingly, out of an abundance of caution, the Court will interpret the Plaintiffs' response as a request to file an amended complaint pursuant to Fed. R. Civ. P. 15(a). Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff may amend the complaint "once as a matter of course" either within "21 days after serving it,"

7

Fed. R. Civ. P. 15(a)(1)(A), or "21 days after service of a motion under Rule 12(b), (e), or (f)," Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's request to amend was timely filed within 21 days after the motion to dismiss was filed. Further, the Court finds that leave to amend, although not required in this case, should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Therefore, the Plaintiffs are hereby **DIRECTED** to file a complete, signed amended complaint in compliance with Fed. R. Civ. P. 8(a), 11(a), and E.D. Tenn. L.R. 15.1 <u>within 14 days of the entry of this memorandum and order</u>. An appropriate order will be entered.

ENTER:

       s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE