UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| MURIEL L. and ELSIE V. HARRIS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:14-cv-017 |
| ) | Phillips/Lee |
| TD AMERITRADE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This civil case is before the Court on defendant's renewed motion to dismiss [Doc. 37]. With leave of Court, plaintiffs were permitted to and did file an amended complaint [Doc. 33] which asserts that defendant is in violation of certain obligations under various sections of the Uniform Commercial Code ("UCC") and Securities and Exchange Commission ("SEC") Rule 15c3-3, 17 C.F.R. § 240.15c3-3. Defendant argues that the amended complaint fails to state a claim upon which relief can be granted because there is no private right of action under the law cited by the plaintiffs. Defendant has filed a memorandum of law [Doc. 37-1] in support of the motion and the plaintiffs have responded [Doc. 39]. After carefully considering the relevant pleadings and the authorities cited therein, the motion to dismiss [Doc. 37] will be **GRANTED**.

I.   Relevant Facts[1]

Plaintiffs Muriel L. Harris, Elsie V. Harris, and David Harris[2] are customers of defendant TD Ameritrade, Inc., a broker-dealer of securities [Doc. 33 at ¶¶3—5, 7]. On August 24, 2005, David Harris purchased 48,000 shares of Bancorp International Group Inc. ("BCIT") stock in his account with TD Ameritrade [*Id*. at ¶ 11]. Defendant removed funds from Mr. Harris's account and credited it with the purchase of 48,000 share of BCIT [*Id*.]. Approximately one week later, Mr. Harris received written confirmation that the trade cleared and settled [*Id*.].

On December 12, 2006, Mr. Harris directed TD Ameritrade to transfer 3,000 BCIT shares from his account to the account held by Muriel and Elsie Harris [*Id*. at ¶ 12]. Plaintiffs contend that these 3,000 shares are held in street name by the defendant [*Id*. at ¶ 13]. Plaintiffs gave defendant an entitlement order to remove their ownership from street name and directly register their ownership of the 3,000 BCIT shares on the books of BCIT [*Id*.]. On December 12, 2011, TD Ameritrade claimed that it could not comply

---

[1]For the purposes of a motion to dismiss, the Court takes the factual allegations in the complaint [Doc. 1] as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint").

[2]This case was initially filed by Muriel L. and Elsie V. Harris against TD Ameritrade, Inc. The case was litigated on plaintiffs' behalf by their son, David L. Harris, who purports to act via their power of attorney. When the plaintiffs were permitted to amend their complaint, they added Mr. Harris as a plaintiff and also added TD Ameritrade Clearing, Inc. as a defendant. TD Ameritrade, Inc. complains that the plaintiffs did not have permission to add any parties pursuant to Fed. R. Civ. P. 15(a)(2) [Doc. 37-1 at pp. 11—12]. The Court did grant the plaintiffs permission to amend [Doc. 32], but did not place parameters on the scope of any amendment. In light of the Court's conclusion on the merits of the motion to amend, the Court need not determine whether Mr. Harris is properly before the Court as a party plaintiff. However, there is no evidence that TD Ameritrade Clearing, Inc. has been properly served as required by Fed. R. Civ. P. 4 (h) and is not a party to this case.

2

with plaintiff's entitlement order [*Id.* at ¶ 14].  Plaintiffs complain that TD Ameritrade is interfering with their right to convert their securities entitlement into legal ownership and they are not able to enjoy the benefits afforded legal owners of BCIT shares [*Id.* at ¶ 16].

II.     Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions."  *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

III. Analysis

    A. Securities Exchange Act and SEC Rule 15c3-3

Defendant first argues that the complaint fails to state a claim for relief because neither section 15(c)(3) of the Securities Exchange Act nor SEC Rule 15c3-3 provide a private right of action [Doc. 37-1 at pp. 5—7]. In support of this argument, defendant cites numerous cases which reach this conclusion. In response, plaintiffs argue that they have property rights in the shares of BCIT and that these rights include the right to exclude others [Doc. 39 at pp. 3—5]. Plaintiffs also argue that they have a private right of action under SEC Rule 15c3-3 because the Rule grants customers an "absolute right" to demand their securities in certificate form [*Id.* at p. 4]. Plaintiffs further suggest that the Court can "fashion" a federal common law remedy or that their rights can be enforced under state law [*Id.* at p. 5].

SEC Rule 15c3-3, promulgated under section 15(c)(3) of the Securities Exchange Act, provides that "[n]othing stated in this section shall be construed as affecting the absolute right of a customer of a broker or dealer to receive in the course of normal business operations following demand made on the broker or dealer, the physical delivery of certificates for (1) [f]ully-paid securities to which he is entitled … ." 17 C.F.R. § 240.15c3-3(l) (2013). As set forth in defendant's brief, the courts that have considered

4

the question have agreed that neither section 15(c)(3) of the Act nor SEC Rule 15c3-3 provide a private right of action to enforce them. *See Kidder Peabody & Co. v. Unigestion Int'l, Ltd.*, 903 F. Supp. 479, 495 (S.D.N.Y. 1995) ("a number of courts have specifically addressed sub-paragraph (c)(3) and have found that no private right of action is afforded therein"); *Bull v. American Bank & Trust Co. of Pa.*, 641 F. Supp. 62, 65 (E.D. Pa. 1986) ("there is no implied private right of action under § 15 of the Exchange Act"); *Angelastro v. Prudential-Bache Secs., Inc.*, 764 F.2d 939, 949 n.15 (3rd Cir. 1985) (citing *Siedman*, Rule 15c3-3(b) "merely provides a standard of conduct to be followed by a broker-dealer for the purpose of insuring the orderly operation of the exchange" and does not provide a private right of action); *Berner v. Lazzaro*, 730 F.2d 1319, 1320 n.1 (9th Cir. 1984) (the district court "correctly dismissed the Section 15(c) claim [because] [n]o private right of action exists under this section"); *Pierson v. Dean, Witter, Reynolds, Inc.*, 551 F. Supp. 497, 503 (C.D. Ill. 1982) ("there is no evidence of a Congressional intent to create a private right of action under § 15(c)(3) of the Securities Exchange Act of 1934"); *Siedman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 465 F. Supp. 1233, 1237 (S.D.N.Y. 1979) ("no private right of action exists for violations of rule 15c3-3(b)"). Plaintiffs have cited no contrary authority to suggest that such a cause of action exists, nor has the Court found any. As noted in *Bull*, Congress knows how to expressly provide a private damages remedy and the failure to do so is strong evidence of intent not to create additional private remedies by implication. 641 F. Supp. at 65 (citing *Touche, Ross & Co. v. Redington*, 442 U.S. 560, 571—72 (1979) and *Walck v. American Stock Exchange, Inc.*, 687 F.2d 778, 784 (3d Cir. 1982)).

5

To the extent that plaintiffs have property rights in the securities, they have not identified a cause of action to enforce those rights under federal law. Plaintiffs seem to suggest that the Court can "fashion" a remedy for them under either federal common law or an unidentified state law. However, plaintiffs are bound by the claims in their amended complaint, which asserts claims under SEC Rule 15c3-3 and the UCC. Plaintiffs have not identified any federal or state common law remedy for these claims and the Court declines to "fashion" a remedy where one does not exist. Accordingly, the Court finds that plaintiffs cannot state a plausible claim for relief under section 15(c)(3) of the Exchange Act or SEC Rule 15c3-3 as neither provides a private cause of action.

B.  UCC Article 8 Claims

Defendant next argues that plaintiffs do not have a remedy or private cause of action under the UCC [Doc. 37-1 at pp. 8—9]. Finding no case law on the issue, defendant points to a UCC treatise that there is no remedy specified by Article 8 for the breach by a securities intermediary of its duty under this section and that the entitlement holder must seek a remedy under non-UCC law [Doc. 37-1 at p. 8] (citing 8A David Frisch, Anderson on the Uniform Commercial Code § 8-508:10[Rev.] (3d ed. 2014)). *See also* 8A Anderson at § 8-504:14 [Rev.] ("any remedy for breach [of § 8-504] must be sought outside of the UCC. The initiation of a proceeding before a regulatory commission will, in most cases, be the only, or the best, remedy available"). Similar to their response to the previous argument, plaintiffs contend that Article 8 of the UCC grants them enforceable property interests in their securities and that they are seeking specific

6

Case 4:14-cv-00017-TWP-SKL   Document 41   Filed 02/09/15   Page 6 of 8   PageID #: 303

performance to order defendant to perform its duties under UCC §§ 8-505 through 8-508 [Doc. 39 at p. 6].

The amended complaint alleges that defendant has violated UCC sections 8-504, 8-506, 8-507, and 8-508 [Doc. 33 at ¶ 1]. There appears to be no dispute that the parties' brokerage agreement is governed by Nebraska law; thus, any cause of action would arise under the UCC as adopted by Nebraska. Plaintiffs appear to rely primarily on section 8-508 which states that "[a] securities intermediary shall act at the direction of an entitlement holder to change a security entitlement into another available form of holding for which the entitlement holder is eligible … ." Neb. Rev. Stat. U.C.C. § 8-508 (2014). Notably, comment 1 to this section states that it "does not state unconditionally that the securities intermediary is obligated to turn over a certificate to the customer or to cause the customer to be registered on the books of the issuer … ." *Id.* As cited by plaintiffs, UCC section 8-503(c) states that "[a]n entitlement holder's property interest with respect to a particular financial asset … may be enforced against the securities intermediary only by exercise of the entitlement holder's rights under sections 8-505 through 8-508." Neb. Rev. Stat. U.C.C. § 8-503 (2014). While the cited sections do outline the duties of a securities intermediary *vis a vis* an entitlement holder, none of these provisions outline a remedy or a private right of action to enforce these duties. Neither party has cited any authority allowing a private cause of action to enforce the duties under these sections, nor have they cited any authority concluding that there is *not* a private cause of action arising under these sections. The Court has similarly been unable to identify any authority on the issue beyond the commentary cited above. Thus, in the absence of any authority

7

allowing the plaintiffs to assert such claims, the Court finds that plaintiffs have failed to assert a plausible claim for relief under the UCC and declines to recognize a cause of action where none exists.

IV.   Conclusion

For the reasons set forth above, the Court finds that plaintiffs cannot state a cause of action under section 15(c)(3) of the Securities Exchange Act, SEC Rule 15c3-3, or Article 8 of the Uniform Commercial Code. In light of the Court's conclusion that plaintiffs cannot state a plausible claim for relief, the Court need not address the defendant's statute of limitations arguments. The defendant's motion to dismiss [Doc. 37] will be **GRANTED** and this case will be **DISMISSED**. An appropriate order will be entered.

    s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE